UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KENNETH ADAMS, | CIVIL ACTION |
| Petitioner | |
| VERSUS | NO. 17-506 |
| KEITH DEVILLE, WARDEN | SECTION: "E" (5) |
| Respondent | |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Magistrate Judge Michael North recommending that Petitioner Kenneth Adams' petition for federal habeas corpus relief be dismissed with prejudice.[1] Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[2] For the reasons that follow, the court **ADOPTS** the Report and Recommendation as its own, and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

Petitioner is an inmate currently incarcerated at the David Wade Correctional Center in Homer, Louisiana.[3] Petitioner seeks relief from his state court conviction for attempted aggravated rape.[4] The facts underlying Petitioner's conviction are as follows. On January 6, 2013, Petitioner broke into the home of an 83-year-old woman.[5] When the woman returned home, Petitioner knocked her to the ground, dragged her to a bedroom, removed her clothing, and attempted to rape her.[6] Petitioner then fled the scene, taking

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 14.
[4] State Rec., Vol. 1 of 4, Bill of Information, 4/30/13. Petitioner was also convicted of aggravated burglary, and simple robbery. *Id.* In his habeas petition, however, Petitioner challenges only his conviction for attempted aggravated rape. R. Doc. 1.
[5] R. Doc. 12 at 5.
[6] *Id.*

1

various items of jewelry. The victim notified the police, who apprehended Petitioner approximately one-half of a mile from the victim's home.[7]

On March 10, 2014, Petitioner pleaded guilty to the charges against him pursuant a plea agreement, and was sentenced to twenty-five years at hard labor.[8] On January 6, 2015, Petitioner filed an application for post-conviction relief with the state district court, which was denied.[9] He then filed an application for a writ of error with the Louisiana Fifth Circuit Court of Appeal, which was also denied.[10] On September 30, 2015, Petitioner filed a writ application with the Louisiana Supreme Court.[11] The Louisiana Supreme Court denied Petitioner's application on December 16, 2016.[12]

On January 19, 2017, Petitioner filed the instant petition for habeas corpus relief.[13] In his petition, Petitioner contends his trial counsel's performance was unconstitutionally deficient.[14] Petitioner also maintains his guilty plea was obtained unconstitutionally.[15] Petitioner's application was referred to the U.S. magistrate judge who issued his Report and Recommendation on September 14, 2017.[16] In his Report and Recommendation,

---

[7] *Id.*
[8] State Rec. Vol. 1 of 4, Waiver of Constitutional Rights Plea of Guilty Form, 3/10/14; Minute Entry, 3/10/14; Commitment Order, 3/10/14; Sentencing Transcript, 3/10/14. For his other two counts, aggravated robbery simple robbery, Petitioner was sentenced to twenty-five years at hard labor and seven years at hard labor, respectively. *Id.* The Court ordered all of Petitioner's terms to run concurrently. *Id.*
[9] State Rec., Vol. 1 of 4, Uniform Application for Post-Conviction Relief and Memorandum in Support of Petition. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore, such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). The post-conviction application made a part of the state record is dated January 6, 2015.
[10] State Rec., Vol. 3 of 4, *State v. Adams*, 15-KH-467 (La. App. 5 Cir. 9/17/15) (unpublished).
[11] State Rec., Vol. 4 of 4, La. Supreme Court Writ Application, 15 KH 1897, 10/16/15 (dated 9/30/15).
[12] *State ex rel. Adams v. State*, 2015–KH–1897 40 (La. 12/16/16), 207 So. 3d 10 (per curiam).
[13] R. Doc. 1.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 12

Magistrate Judge North concluded Petitioner is not entitled to federal habeas corpus relief on either claim.[17] Petitioner filed a timely notice of objection on September 27, 2017.[18]

## ANALYSIS

A. Standard of Review

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a *de novo* review of any of the magistrate judge's conclusions to which a party has specifically objected.[19] As to the portions of the report that are not objected to, the Court needs only review those portions to determine whether they are clearly erroneous or contrary to law.[20]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[21] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[22] Further, AEDPA requires that a federal court give state trial courts substantial deference.[23]

---

[17] *Id.*
[18] R. Doc. 13.
[19] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[20] *Id.*
[21] 28 U.S.C. § 2254(d)(1).
[22] *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)).
[23] *Brumfield v. Cain*, 135 S.Ct. 2269 (2015).

B. <u>Ineffective Assistance of Counsel</u>

In his petition, Petitioner contends his trial counsel's performance was ineffective. He argues, *inter alia*, that his trial counsel failed to sufficiently investigate evidence.[24] According to Petitioner, had his counsel investigated sufficiently, she would have noted that the victim refused medical treatment,[25] which Petitioner argues demonstrates he did not actually harm her.[26] Additionally, Petitioner contends his counsel should have conducted additional investigation when the prosecution determined there was not enough evidence to charge Petitioner with rape and instead charged him with attempted rape.[27] Lastly, Petitioner argues that counsel was ineffective for not filing certain pre-trial motions on his behalf, including a motion to suppress his custodial statements.[28]

In *Strickland v. Washington*, the U.S. Supreme Court explained that, to prevail on an ineffective assistance of counsel claim, a petitioner must show his (1) counsel's performance was deficient and (2) that deficient performance prejudiced the petitioner.[29] Regarding a guilty plea, a petitioner must prove there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty.[30] Additionally, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."[31] Courts must give counsel heavy deference when reviewing counsel's decision to not investigate.[32]

---

[24] R. Doc. 1.
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Strickland v. Washington*, 466 U.S. 668 (1984).
[30] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[31] *Strickland*, 466 U.S. at 691.
[32] *Id.*

In this case, Magistrate Judge North recommended this Court deny Petitioner relief because Petitioner failed to prove his counsel's performance was ineffective.[33] This Court agrees with the magistrate judge's recommendation.

First, contrary to Petitioner's assertion, Petitioner's counsel did not fail to investigate the charges against him. Rather, the record indicates counsel actively participated in discovery. Petitioner offers nothing to support his claim that counsel inadequately investigated any evidence.[34] Petitioner largely challenges his counsel's failure to further investigate the prosecution's evidence, or lack thereof, following the prosecution's decision to charge Petitioner with attempted aggravated rape instead of aggravated rape. Petitioner apparently argues that, if his counsel had investigated further, the evidence would have demonstrated Petitioner did not actually rape the victim.[35] As Magistrate North explained in his report, Petitioner was charged with *attempted* aggravated rape;[36] therefore, any evidence he claims counsel should have discovered to show a rape did not occur is irrelevant.[37] Moreover, Petitioner's claim he was prejudiced by counsel's failure to further investigate evidence is legally erroneous, as "the victim's testimony alone, if believed by the trier-of-fact, is sufficient to convict a defendant of a sexual offense."[38] Thus, even if counsel's performance was deficient, Petitioner was not prejudiced thereby.

Second, Petitioner's argument that his counsel was ineffective for not filing motions to suppress certain evidence is meritless. The record indicates counsel filed various pretrial motions, including motions to suppress Petitioner's statement, the evidence gathered, and

---

[33] R. Doc. 12.
[34] *Id.*
[35] R. Doc. 1
[36] R. Doc. 12.
[37] *Id.*
[38] R. Doc. 12; *see State v. Alexander*, 119 So. 3d 120, 126 (5th Cir. 2013).

the victim's identification of Petitioner.[39] Counsel's motion to suppress Petitioner's custodial statements was not ruled only because Petitioner accepted the plea bargain on the day the motion was set for submission.[40] Petitioner's statement to the police notwithstanding, the evidence against Petitioner with respect to this claim is substantial.[41] Thus, Petitioner is not entitled to federal habeas corpus relief on his ineffective assistance of counsel claim.

C. Factual Findings

In his objection to Magistrate North's Report and Recommendation, Petitioner largely challenges the state district court's factual findings.[42] Specifically, Petitioner challenges two of the state district court's conclusions of fact: (1) that Petitioner's DNA being found on the victim supported his conviction for attempted rape and, (2) that his statement to the police was reliable, despite his drug use.[43] Petitioner also asserts that his conviction was based on "conflicting statements."[44] Petitioner asserts that the 911 call, the police report, and the victim's statement say the victim was raped, but that Petitioner was only charged with *attempted* rape.[45] Petitioner also disputes the state's conclusion that Petitioner had the intent to rape the victim.[46] Rather, he contends that he only entered the home to rob the victim.[47]

---

[39] State Rec., Vol. 1 of 4, Omnibus Motions, 5/6/13.
[40] R. Doc. 12.
[41] *Id.* Petitioner also asserts counsel only filed single motion to determine competency and that she was not present at preliminary examination because Attorney Raul Guerra was originally assigned the case. R. Doc. 13. However, the record shows that counsel filed various pretrial motions and, additionally, cannot be considered ineffective before having been assigned the case. As counsel had no nonfrivolous grounds to file the additional motions suggested by Petitioner, the Court finds counsel was not ineffective for failing to do so.
[42] R. Doc. 13.
[43] *Id.*
[44] *Id.* at 6.
[45] *Id.*
[46] *Id.*
[47] *Id.* at 5.

The Court must defer to the state court's factual findings unless the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[48] In this case, the Court finds the state court's factual findings are reasonable.[49] As a result, the Court finds Petitioner is not entitled to federal habeas corpus relief on this claim.

D. <u>Guilty Plea</u>

Petitioner also claims his guilty plea was involuntary. Petitioner argues he was pressured by counsel and threatened with a longer sentence to accept the plea.[50] In Magistrate Judge North's Report and Recommendation, Judge North concluded Petitioner is not entitled to federal habeas corpus relief on these claims.[51] As Magistrate North explained in his report, "[A] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."[52] The record shows the plea was voluntary.[53] Petitioner signed a written waiver of his rights and denied being coerced to enter the guilty plea in open court.[54] Petitioner failed to produce any evidence suggesting his guilty plea was coerced or that the statements he made during the plea colloquy were untrue.[55]

Additionally, Petitioner's claim that he was pressured to plead guilty due to threats of a longer sentence is meritless. Threats of a longer or more severe sentence are

---

[48] 28 U.S.C. § 2254(d)(2).
[49] Petitioner, in his opposition, also claims the pre-trial motions were filed by two different attorneys. However, this fact does not provide the Petitioner relief. Petitioner offers no additional evidence to support any other claims of ineffective assistance by counsel, nor does he offer any evidence he would not have entered a guilty plea but for counsel's alleged deficiencies. R. Doc. 12.
[50] R. Doc. 1.
[51] R. Doc. 12.
[52] *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (citing *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)); R. Doc. 12.
[53] R. Doc. 12.
[54] *Id.*
[55] *Id.*

permissible and do not amount to unconstitutional coercion.[56] In fact, counsel had a duty to inform Petitioner of possible maximum sentences.[57] As Petitioner was a fourth-felony offender, any discussion between Petitioner and counsel regarding a possible life sentence was not misleading or coercive.[58] As a result, the Court finds Petitioner is not entitled to federal habeas corpus relief on his claim of an unconstitutionally obtained guilty plea.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[59]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Petitioner Kenneth Adams' petition against Respondent Keith Deville be and hereby is **DISMISSED WITH PREJUDICE**.[60]

**New Orleans, Louisiana, this 10th day of August, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[56] *Id.*; *see also Bordenkircher v. Haynes*, 434 U.S. 357 (1978).
[57] R. Doc. 12.
[58] La. Rev. Stat. § 15:529.1(A)(3)(b); La. Rev. Stat. § 15:529.1(A)(4)(b).
[59] *Id.*
[60] *Id.*